1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

JAMES MICHAEL DISALVO,

11

Petitioner,

12

13

vs.

14

15

16

UNITED STATES OF AMERICA,

17

Respondent.

18

19

CASE NO. 15cv1409-GPC
        13cr4165-GPC

**ORDER DENYING
RESPONDENT'S MOTION TO
DISMISS PETITION AS TIME
BARRED AND DENYING MOTION
FOR ORDER FINDING LIMITED
WAIVER OF ATTORNEY CLIENT
PRIVILEGE AND REQUEST TO
STAY BRIEFING SCHEDULE;
AND DENYING PETITIONER'S
MOTION TO VOLUNTARILY
DISMISS THE PETITION**

[Dkt. Nos. 75, 77.]

20
21
22
23
24
25
26
27
28

On June 26, 2015, Petitioner field a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  On June 29, 2015, the Court set a briefing schedule on the petition.  (Dkt. No. 74.)  On the same day, Respondent filed a motion to dismiss the petition as time-barred or in the alternative, for order finding limited waiver of attorney-client privilege and a request to stay the briefing schedule until the motion is decided.  (Dkt. No. 75.)  Then, on July 10, 2015, Petitioner filed a motion to voluntarily dismiss the petition based on the Respondent's statute of limitations argument and conceding that the petition is time-barred.  (Dkt. No. 77.)  Based on the reasoning below, the Court DENIES Respondent's motion to dismiss the petition as

1
2
3

untimely and for order finding limited attorney-client privilege and to stay briefing schedule. The Court also DENIES without prejudice Petitioner's motion to voluntarily dismiss the case as time-barred.

4

### Background

5
6
7
8
9
10
11
12
13

On February 4, 2014, Defendant DiSalvo pled guilty to distribution of images of minors engaged in sexually explicit conduct pursuant to 18 U.S.C. § 2252(a)(2). (Dkt. No. 26.) The Magistrate Judge issued findings and recommendations that the district judge accept the defendant's plea of guilty. (Dkt. No. 29.) On February 19, 2014, the Court adopted the findings and recommendations of the Magistrate Judge and accepted the guilty plea. (Dkt. No. 31.) On June 20, 2014, the Court issued judgment and sentenced Defendant to 108 months custody followed by 10 years of supervised release. (Dkt. Nos. 49, 50.) On June 21, 2015,[1] Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

14

### Discussion

15

**A.     Statute of Limitations**

16
17
18
19
20
21
22
23
24
25

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provides a one-year statute of limitations for a federal prisoner to file a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255(f). The one-year limitations period generally begins to run on "the date on which the judgment of conviction becomes final." Id. The Supreme Court has held that a conviction is final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." Griffith v. Kentucky, 479 U.S. 314, 321 n. 6 (1987); see e.g., Clay v. United States, 537 U.S. 522, 527 (2003) (holding that if the prisoner's conviction is affirmed on direct appeal and he does not file a petition for a writ of certiorari, the

26

27
28

_____

[1]Under the mailbox rule, a petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of court because the prisoner is unable to control the time of delivery. Houston v. Lack, 487 U.S. 266, 276 (1988).

[13cr4165]

judgment of conviction becomes final under § 2255 when the time expires for filing a petition for certiorari). If a defendant does not file a direct appeal, the conviction becomes final at the expiration of the time to seek a direct appeal, which is fourteen days after the entry of the judgment. See United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001) ("statute of limitations within which she had to file her § 2255 motion began to run upon the expiration of the time during which she could have sought review by direct appeal.") District courts have applied this rule even where Petitioner has pled guilty and waived his or her right to a direct appeal. See United States v. McKesson, No. 08 cr 462 GEB AC P, 2015 WL 2091470, at *1-2 (E.D. Cal. May 4, 2015); United States v. Robledo-Barrios, Nos. CV 14-1593-PHX-SRB(MEA), CR 12-1563-PHX-SRB, 2015 WL 1537718, at * 2 (D. Az. Apr. 6, 2015); but see United States v. Zaragoza-Santa Cruz, Nos. CR-08-2095-EFS, CV 10-3085-EFS, 2010 WL 5394850, at *2 (E.D. Wa. Dec. 22, 2010) (statute of limitations began to run on the date of judgment, not expiration of time to file a direct appeal).

Petitioner's judgment of conviction was filed on June 20, 2014. (Dkt. No. 50.) Petitioner did not appeal his judgment. The deadline to appeal the conviction was July 4, 2014, fourteen days later. Fed. R. App. P. 4(b)(1)(A)(i). Therefore, the one year deadline to file a § 2255 petition was July 4, 2015. Contrary to Respondent's argument, the petition was timely filed on June 21, 2015. Accordingly, the Court DENIES Respondent's motion to dismiss the petition as time barred. The Court also DENIES without prejudice Petitioner's motion to voluntarily dismiss the petition based on his reliance on Respondent's incorrect calculation of the one year statute of limitations. After receipt of the Court's order, if Petitioner still seeks to dismiss this case, he may file a renewed motion to voluntarily dismiss the case.

**B.     Limited Waiver of Attorney Client Privilege**

Alternatively, Respondent argues that the Court should issue an order finding a limited waiver of attorney-client privilege so that defense counsel can provide a declaration to address the ineffective assistance of counsel claim raised by Petitioner

1    in his petition.

2         In <u>Bittaker v. Woodford</u>, 331 F.3d 715, 716 (9th Cir. 2003) (en banc), the Ninth
3    Circuit held that a habeas petitioner waives his attorney-client privilege in a proceeding
4    raising an ineffective assistance of counsel claim, but that such waiver is narrow and
5    limited to what is necessary to allow the state to fairly defend against such claim.  The
6    Court explained that there is an implied choice to the holder of the privilege: "If you
7    want to litigate this claim, then you must waive your privilege to the extent necessary
8    to give your opponent a fair opportunity to defend against it."  <u>Id.</u> at 720.  The court
9    must impose a waiver "no broader than needed to ensure the fairness of the proceedings
10   before it."  <u>Id.</u>  "The holder of the privilege may preserve the confidentiality of the
11   privileged communications by choosing to abandon the claim that gives rise to the
12   waiver condition." <u>Id.</u> at 721.  Discovery of any attorney-client communication requires
13   a narrowly drawn protective order.  <u>U.S. v. Neal</u>, No. CR S-10-158 GEB DAD P, 2013
14   WL 708589, at *2 (E.D. Cal. Feb. 26, 2013) (citing <u>Bittaker</u>, 331 F.3d at 720-25.)

15        Section 2255 authorizes this Court to "vacate, set aside, or correct the sentence"
16   of a federal prisoner on "the ground that the sentence was imposed in violation of the
17   Constitution or laws of the United States, or that the court was without jurisdiction to
18   impose such sentence, or that the sentence was in excess of the maximum authorized by
19   law, or is otherwise subject to collateral attack[.]"  28 U.S.C. § 2255(a).  To warrant
20   relief under § 2255, a prisoner must allege a constitutional or jurisdictional error, or a
21   "fundamental defect which inherently results in a complete miscarriage of justice [or]
22   an omission inconsistent with the rudimentary demands of fair procedure."  <u>United
23   States v. Timmreck</u>, 441 U.S. 780, 783 (1979) (quoting <u>Hill v. United States</u>, 368 U.S.
24   424, 428 (1962)).  The Court may dismiss the petition without an evidentiary hearing
25   as long as the "the motions and the files and records of the case conclusively show that
26   the prisoner is entitled to no relief."  <u>See</u> 28 U.S.C. § 2255(b).

27        While <u>Bittaker</u> held that a claim based on ineffective assistance of counsel
28   impliedly waives the attorney-client privilege with respect to the particular claim alleged

by a petitioner, "it does not follow that discovery of all communications between a petitioner and his former attorney is automatic." Richardson v. U.S., No. C13-373 RSL, 2014 WL 701524, at *2 (W.D. Wash. Feb. 24, 2014).  District courts in this circuit have addressed the waiver issue in the context of specific requests for discovery.  De Morais v. U.S., No. 10cr557-WHO-1, 2015 WL 2357555, at *11 (N.D. Cal. May 15, 2015 ); U.S. v. Kalfsbeek, No. 05cr128 LKK AC, 2013 WL 129409, at *2 (E.D. Cal. Jan. 9, 2013) (The "waiver issue cannot be decided outside the context of specific requests for discovery."); see also U.S. v. Sewell, No. CR-05-554 LKK EFB P, 2012 WL 1928727, at *1 (E.D. Cal. May 25, 2012); U.S. v. Neal, No. CR S-10-158 GEB DAD P, 2013 WL 708589, at *2 (E.D. Cal. Feb. 26, 2013).  A party is not automatically entitled to discovery under § 2255 and must show "good cause" and "provide reasons" for the request.  See Rule 6, Rules Governing Section 2255 Proceedings.

Here, Respondent generally asserts that because an ineffective assistance of counsel is alleged, a partial waiver of the attorney-client privilege is needed to address the claim.  Such a broad waiver without specificity is not permitted under Bittaker and can only be identified in a request for discovery.  Accordingly, the Court DENIES Respondent's motion for order finding a limited waiver of the attorney-client privilege ordering defense counsel to provide a declaration as to the issues raised by Defendant.

### Conclusion

The Court DENIES Respondent's motion to dismiss the petition as untimely and for order finding limited waiver of attorney client privilege and request to stay briefing schedule pending ruling on this motion.  The Court also DENIES without prejudice Petitioner's motion to voluntarily dismiss the petition.  Respondent also sought a stay of proceedings in order to allow additional time to file a responsive pleading to ensure it had sufficient time to review the discovery requested before answering it.  Despite the Court's decision denying Respondent's request, the Court finds good cause to extend the deadlines.  Respondent shall file and serve a responsive memorandum no later than **August 28, 2015.** Petitioner may file a reply to Respondent's responsive memorandum

[13cr4165]

no later than **September 25, 2015.**

      IT IS SO ORDERED.

DATED:  August 5, 2015

HON. GONZALO P. CURIEL
United States District Judge

[13cr4165]